# EXHIBIT 1

SERVE

IN THE CIRCUITCOURT OF BERKELEY COUNTY, WEST VIRGINIA

Kayla Butts, Individually
And on behalf of her daughter
A.F., a minor,

                   Plaintiffs,

v.                                  CIVIL ACTION NO.: 15-C-_____

                                              16·C-37

Berkeley Medical Center
West Virginia University
Hospital, Inc.
Shenandoah Women's Health
Center
Shenandoah Community
Health Center
Shenandoah Midwives
Avinash Purohit, M.D.
Tracy Swalm, CNM
Sara Spurgeon, R.N.
Shelly Palkovic, R.N.
Rebecca Pfender, CNM
Sarah Hardy, M.D.
Sonya Justice, R.N.
                Defendants.

## SUMMONS

To the above-named Defendant:    Shenandoah Community Health Center
                                    c/o David Fant
                                    99 Tavern Road
                                    Martinsburg, WV 25401

     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon D. Michael Burke and Christopher T. Nace, plaintiff's attorney, an answer, whose addresses are Burke, Schultz, Harman & Jenkinson, P.O. Box 1938, Martinsburg, WV 25402, and Paulson & Nace, PLLC, 1615 New Hampshire Avenue, N.W., Washington, DC 20009-2520, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer with 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated:    2/19/16

                                 *Virginia M. Sine*
                                  Clerk of Court

                                  *Susan C Phillips*
                                  *deputy*

## IN THE CIRCUIT COURT FOR BERKELEY COUNTY, WEST VIRGINIA

KAYLA BUTTS, Individually and on behalf
of her daughter A.F., a minor,
345 Loop Road
Gerrardstown, WV 25420

        Plaintiffs,           |    Case No.:

*v.*

BERKELEY MEDICAL CENTER
2000 Foundation Way
Suite 2310
Martinsburg, WV 25401

        Serve: Kathleen Quinones
        2000 Foundation Way
        Suite 2310
        Martinsburg, WV 25401

~and~

WEST VIRGINIA UNIVERSITY
HOSPITAL, INC.
1 Medical Center Drive
PO Box 8059
Morgantown, WV 26506

        Serve: Christine Vaglienti, Esq.
        1238 Suncrest Towne Centre
        Morgantown, WV 26505

~and~

SHENANDOAH WOMEN'S HEALTH
CENTER
99 Tavern Rd
PO Box 6100
Martinsburg, WV 25401

      Serve:  David Fant
              PO Box 1146
              99 Tavern Rd
              Martinsburg, WV 25402

~and~

SHENANDOAH COMMUNITY HEALTH
CENTER
99 Tavern Rd.
PO Box 6100
Martinsburg, WV 25401

    Serve:  David Fant
             PO Box 1146
             99 Tavern Rd
             Martinsburg, WV 25402

~and~

SHENANDOAH MIDWIVES
99 Tavern Rd.
PO Box 6100
Martinsburg, WV 25401

    Serve:  David Fant
             PO Box 1146
             99 Tavern Rd
             Martinsburg, WV 25402
~and~

AVINASH PUROHIT, M.D.
152 Dillon Dr.
Pittsburgh, PA 15243

~and~

TRACY SWALM, CNM
2000 Foundation Way
Suite 2310
Martinsburg, WV 25401

~and~

SARA SPURGEON, R.N.
2000 Foundation Way
Suite 2310
Martinsburg, WV 25401

~and~

2

SHELLY PALKOVIC, R.N.
2000 Foundation Way
Suite 2310
Martinsburg, WV 25401

~and~

REBECCA PFENDER, CNM
Shenandoah Community Health Center
99 Tavern Rd
Martinsburg, WV 25401,

~and~

SARAH HARDY, M.D.
Shenandoah Community Health Center
99 Tavern Rd.
Martinsburg, WV 25401

~and~

SONYA JUSTICE, R.N.
2000 Foundation Way
Suite 2310
Martinsburg, WV 25401

           Defendants.

## COMPLAINT

**COME NOW** Plaintiffs, by and through the undersigned counsel, and files this complaint, and for this cause of action states:

### PARTIES

1. Plaintiff Kayla Butts is an adult resident of the State of West Virginia.

2. Plaintiff A.F. is the minor daughter of Kayla Butts.

3. Defendant Berkeley Medical Center a/k/a City Hospital is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

3

4.      Defendant West Virginia University Hospital, Inc. is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

5.      Defendant Shenandoah Women's Health Center is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

6.      Defendant Shenandoah Community Health Center is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

7.      Defendant Shenandoah Midwives is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

8.      Defendant Sarah Hardy, M.D. is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

9.      Defendant Avinash Purohit, M.D. is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

10.     Defendant Tracy Swalm, CNM is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

4

11.     Defendant Rebecca Pfender, CNM is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

12.     Defendant Sarah Spurgeon, R.N. is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

13.     Defendant Rebecca Pfender, CNM is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

14.     Defendant Shelly Palkovic, R.N. is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

15.     Defendant Sonya Justice, R.N. is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs Butts and A.F., in the State of West Virginia.

## JURISDICTION

16.     Jurisdiction is proper in this action under West Virginia Code § 51-2-2(b).

## VENUE

17.     Venue is proper in this Court under West Virginia Code § 56-1-1(a)(1).

## BACKGROUND

18.     In 2013, Plaintiff Butts became pregnant with her now born daughter A.F.

19.     During the course of her pregnancy, Plaintiff Butts was treated by various healthcare providers at Shenandoah Women's Health Clinic.

5

20.     Pursuant to the medical records, on September 8 and 13, 2013, Plaintiff Butts was admitted to City Hospital for preterm contractions.

21.     Pursuant to the medical records, on September 30, 2013, Plaintiff Butts was admitted to West Virginia University Hospital with complaints of nausea and vomiting.

22.     Ultimately, Plaintiff Butts was admitted to Berkeley Medical Center in the morning of October 17, 2013 with a spontaneous rupture of her membranes.

23.     Pursuant to the medical records, Plaintiff A.F. was delivered at 8:50 A.M.

24.     Pursuant to the medical records, Plaintiff A.F.'s initial Apgar scores were of 2, 4, and 7 at 1, 5, and 10 minutes.

25.     Pursuant to the medical records, Plaintiff A.F. was noted to not be vigorous, nor do the medical records indicate that she was suctioned below the cords immediately after the delivery.

26.     Pursuant to the medical records, it is noted at 8:50 A.M. that Plaintiff A.F. did not cry and there was suctioning commenced with a 10 fr catheter.  The note further indicates that the healthcare providers paged "TR" to assist with intubation.

27.     Pursuant to the medical records, it is noted that at 8:53 A.M. Plaintiff A.F. was "still not breathing properly," and there was deep suctioning with small amounts of thick mucous noted.

28.     Pursuant to the medical records, it is noted that subsequent to the suctioning Plaintiff A.F.'s heart rate dropped into the 60's and 70's and the meconium was suctioned with a finding of thick meconium stained mucous frothing from the mouth.

29.     Pursuant to the medical records, the respiratory therapist did not arrive, and, therefore, a nurse intubated Plaintiff A.F. at approximately 8:53 A.M. and suctioned more

6

meconium stained mucous.  Subsequent to this suctioning, Plaintiff A.F.'s heart rate dropped to 50.

30.     Pursuant to the medical records, Plaintiff A.F.'s oxygen saturation at approximately 10 minutes of life was 75% and she was transferred to the maximum care nursery with APGARS of 2, 4, and 7.

31.     Pursuant to the medical records, a physician did not arrive until 9:15 A.M., or approximately 25 minutes after birth.

32.     Pursuant to the medical records, at 10:10 A.M., antibiotics were administered to Plaintiff A.F.

33.     Pursuant to the medical records, at 11:50 A.M. Plaintiff A.F.'s respiratory rate was noted to be 90 – 110.

34.     Pursuant to the medical records, at 11:38 A.M. ABG's were ordered for the first time and at 11:58 A.M. they were reported as abnormal with a base excess of -5.4 (-2.0 -3.0).

35.     Pursuant to the medical records, it was not until four and a half hours after delivery that a physician was finally called about the respirations at 1:22 P.M.

36.     Pursuant to the medical records Sarah Hardy, M.D. ordered a transfer of care on October 17, 2013 at 2:46 P.M. and Avinash Purohit, M.D. took over as the attending physician.

37.     Pursuant to the medical records, at 8:45 P.M. it was noted that Plaintiff A.F. had apnea for 10 – 20 seconds with cyanosis to the facial area and desats down to 65%.

38.     Pursuant to the medical records, at 9:00 P.M. Plaintiff A.F.'s saturation level was noted to be 68%.

39.     Pursuant to the medical records, at 11:15 P.M. Plaintiff A.F.'s saturation level was noted to be down to 35% and there was cyanosis.

7

40.     Pursuant to the medical records, at 11:35 P.M. Plaintiff's saturation level was noted to be 50% and 35% and the healthcare providers attempted nasal suction "with minimum effort."

41.     Pursuant to the medical records, at 1:15 A.M. on October 18, 2013, a stat order for ABGs was given and the blood was drawn at 11:35 A.M.   Again, those lab results were abnormal.

42.     Plaintiff A.F. suffered at least six periods of apnea and/or desaturation between 9:00 P.M. on October 17 and 7:55 A.M. on October 18.

43.     Pursuant to the medical records, Avinash Purohit, M.D. was notified of Plaintiff A.F.'s condition; however it was not until 12:05 P.M. on October 18, 2013 that Edward Lee, M.D. at Winchester Neonatal ICU was notified.

44.     Pursuant to the medical records, the discharge summary signed by Dr. Purohit at 12:35 P.M. on October 18, 2015 documented as "Hospital Problems," among others, the following: 1) Respiratory distress of newborn noted on 10/17/13 and 2) hypoglycemia, neonatal noted on 10/17/13. The discharge diagnosis was noted as "Respiratory distress of newborn."

45.     Pursuant to the medical records, Dr. Purohit verified a transfer of Plaintiff A.F. to Winchester NICU.

46.     Pursuant to the medical records, on October 18, 2103 at 2:25 P.M. the Winchester Medical Center Transport arrived, and at 3:15 P.M. it departed.

47.     Plaintiff A.F. remained admitted at Winchester for 27 days.

48.     Pursuant to the medical records, the discharge summary from Winchester Medical Center diagnosed, among other things, A.F. with meconium aspiration syndrome, pulmonary

8

hypertension, atelectasis, seizures, hypoxic-ischemic encephalopathy, suspected sepsis, upper respiratory infection, and hypernatremia.

49.     Pursuant to the medical records, the discharge summary from Winchester Medical Center notes that Plaintiff A.F.'s "recent neurological tracking showed: Head ultrasound: MRI with bilateral ischemic changes in occipital, parietal and frontal lobes…DIAGNOSES: Hypoxic-ischemic encephalopathy … severe anoxic/hypoxic injury acuter by Head MRI Seizures."

50.     At all times during the care and treatment of Plaintiffs Butts and A.F. all named Defendants were providing care unto the Plaintiffs.

51.     Plaintiff A.F. now suffers from severe and permanent brain damage and all of the injuries associated therewith, including but not limited to economic damages including but not limited to medical bills, loss of employment income and physical injuries, as well as non-economic damages including but not limited to mental anguish, pain and suffering, emotional distress and other non-economic damages.

52.     Plaintiffs have suffered economic damages and non-economic damages as a result of the negligent care received at the above entities and by their servants, agents, and employees.

53.     Drs. Hardy and Purohit were attending physicians assigned to render necessary care and treatment to Plaintiffs Butts and A.F.

54.     Tracy Swalm, CNM, and Rebecca Pfender, CNM are certified nurse midwives assigned to render necessary care and treatment to Plaintiffs Butts and A.F. during the delivery and post-delivery.

55.     Nurses Spurgeon and Palkovic, on information and belief were employees of Berkeley Medical Center and/or West Virginia University Hospital, Inc., assigned to provide nursing care for Plaintiffs Butts and A.F.

56.     Defendants Shenandoah Women's Health Center, Shenandoah Community Health Center and Shenandoah Midwives on information and belief were to provide pre-delivery, delivery and post-delivery care to Plaintiffs Butts and A.F.

57.     Because of the inadequate hospital record it is difficult to determine the precise times which Defendant was rendering treatment to Plaintiffs and exactly what treatment was provided by whom at what time.

## COUNT I
### (Medical Negligence)

58.     Plaintiffs incorporate herein by referencing all preceding paragraphs.

59.     Each and every Defendant and their agents, servants, and employees owed a duty of care to Plaintiffs to exercise that degree of skill, care, judgment and expertise ordinarily possessed and used by a health care provider acting in the same or similar circumstances.

60.     Each and every Defendant and their agents, servants, and employees either failed to appreciate the duty of care that was required upon them; lacked the training, knowledge, and/or experience required of them to understand the duty of care required of them; and/or failed to meet the standard of care as required of them.

61.     Each and every Defendant and their agents, servants, and employees were negligent in their care and treatment of Plaintiffs in failing to adhere to the duties they owed to Plaintiffs and breached the standard of care that required of them the following:

a.  Failure to properly and timely intubate Plaintiff A.F.;
b.  Failure to properly and timely conduct laboratory and diagnostic studies of Plaintiff A.F.;
c.  Failure to properly and timely transfer Plaintiff A.F.;
d.  Failure to accurately keep medical records;
e.  Failure to properly and accurately oversee the administration of their agents, servants, employees, and/or staff;
f.  Failure to properly and accurately oversee the care and treatment rendered by their agents, servants, employees, and/or staff;

10

g.  Failure to properly and accurately identify Plaintiff A.F.'s complaints;
h.  Failure to properly and accurately formulate a differential diagnosis of Plaintiff A.F.'s signs and symptoms;
i.  Failure to properly and accurately interpret the diagnostic and laboratory results that were available to them;
j.   Being otherwise negligent

62.  Plaintiffs also assert the doctrines of *res ipsa loquitor* and *respondeat superior*.

63.  As a direct and proximate result of the aforesaid negligence of each and every Defendant and their agents, servants, and employees, Plaintiff A.F. sustained serious and permanent injuries including but not limited to meconium aspiration syndrome, pulmonary hypertension, atelectasis, seizures, hypoxic-ischemic encephalopathy, suspected sepsis, upper respiratory infection, hypernatremia., further hospitalizations, additional injuries and sequelae of her brain damage, a shortening in her life expectancy, loss of future economic opportunity, mental anguish, embarrassment, humiliation, and related injuries and damages which were permanent and will continue until her death that are also a proximate result of the aforesaid negligence, as well as medical, hospital, therapy, and related health care expenses for medical care and treatment, and loss of income and loss of the capacity to enjoy life, both in the past and for the remainder of her life.

**WHEREFORE**, Plaintiffs Kayla Butts, Individually and as the Personal Representative of her daughter A.F., a minor, pray that judgment be entered against Defendants in an amount to be determined at trial but believed to be in excess of $_____, an amount in excess of $300.00, the minimum jurisdictional limit for this count, in damages, plus costs of this suit, pre- and post-judgment interest, plus all interest, costs and attorney's fees incurred by Plaintiffs, and such other and further relief as this Court deems just and proper.

Dated: February 18, 2016

11

By Counsel:

*Barry J. Nace /DM3*

Barry J. Nace, Esq. #7313
PAULSON & NACE, PLLC
1615 New Hampshire Avenue, NW
Washington, DC 20036
(202) 463-1999

D. Michael Burke, WV Bar No. 550
BURKE, SCHULTZ, HARMAN & JENKINSON
PO Box 1938
Martinsburg, WV 25401
(304) 263-0900

*Counsel for Plaintiffs*

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.